UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CANOPIUS US INSURANCE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No._____ |
| | ) |
| BERLIN BUILDERS INC., | ) |
| | ) |
| Defendants, | ) |
| and | ) |
| | ) |
| EVERTON MELO, BERLIN CONSTRUCTION INC. and CRANBERRY BUILDERS, INC., | ) |
| | ) |
| Nominal Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, CANOPIUS US INSURANCE, INC. ("Canopius US"), by and through its attorneys of record in this action, alleges the following:

1. CANOPIUS US brings this action seeking a declaratory judgment that it has no obligation to provide coverage to BERLIN BUILDERS, INC., for the lawsuit captioned *Everton Melo v. Berlin Builders, Inc., Berlin Construction, Inc. and Cranberry Builders, Inc.*, Docket No. CV-2017-01006 pending in the Court of Common Pleas of Delaware County, Pennsylvania ("Underlying Melo Lawsuit") pursuant to (a) the Policy's Exclusion – Independent Contractors Employees, Leased Workers, Temporary Workers, Casual Labor or Volunteers and (b) the Policy's Specific Operations Exclusion – Roofing.

2. In addition, CANOPIUS US is seeking a declaratory judgment that Policy Number ACE-0015458 (hereinafter the "Policy") issued to BERLIN BUILDERS, INC. for the

1

policy period of February 13, 2015 to February 13, 2016 is void *ab initio* due to material misrepresentations made by BERLIN BUILDERS, INC. in the Application for the Policy. Specifically, BERLIN BUILDERS, INC. represented that it did not perform work outside of its home state of New Jersey and that it did not have any employees or subcontracted work when BERLIN BUILDERS, INC. signed the Application.

## PARTIES

3. Plaintiff, Canopius US is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 200 S. Wacker Drive, Suite 950, Chicago, Illinois.

4. Upon information and belief, Defendant, BERLIN BUILDERS, INC. is incorporated as a for profit corporation in the State of New Jersey with headquarters located at 141 Route 130 South, Suite 192, Cinnaminson, NJ 08077.

5. Upon information and belief, nominal defendant, EVERTON MELO, is an adult citizen residing at 120 Elm Street, Apartment A7, Beverly, New Jersey.

6. Upon information and belief BERLIN CONSTRUCTION INC. was improperly named as a defendant in the Melo Lawsuit, is not a going concern, and the real party in interest is BERLIN BUILDERS, INC.

7. Upon information and belief, nominal Defendant CRANBERRY BUILDERS, INC. is a Pennsylvania Corporation with its principal place of business located at 219 Midland Avenue, Wayne, PA 19087.

8. Defendants EVERTON MELO, BERLIN CONSTRUCTION, INC. and CRANBERRY BUILDERS, INC. (collectively referred to herein as "NOMINAL

DEFENDANTS") are named herein for the purpose of having the judgment, decisions and orders of the Court in the instant action be binding upon them.

## JURISDICTION AND VENUE

9. The amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000) Dollars exclusive of interest and costs and this is an action between citizens of different states. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

10. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

11. This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

## UNDERLYING MELO LAWSUIT

12. On or about January 11, 2017, EVERTON MELO ("UNDERLYING PLAINTIFF") commenced an action in the Court of Common Pleas of Delaware County, Pennsylvania against BERLIN BUILDERS INC., BERLIN CONSTRUCTION INC. and CRANBERRY BUILDERS, INC.

13. The UNDERLYING PLAINTIFF seeks recovery for personal injuries allegedly sustained on December 8, 2015 when UNDERLYING PLAINTIFF was employed as a framer by Next Level Construction, Inc. and was installing plywood roofing panels at a building located at 211 Orchard Way, Wayne, PA. The UNDERLYING PLAINTIFF alleges that, in order to be hoisted up to the roof to install the plywood panels, he was required to stand on top of a plywood panel balanced on a forklift, and that he fell due to the unsecured plywood and lack of fall protection. The UNDERLYING PLAINTIFF alleges, *inter alia*, that the defendants were

negligent in failing to provide an adequate fall protection, allowing the use of a lift and plywood as a high work platform, failing to provide a safe place to work and failing to properly train UNDERLYING PLAINTIFF. The UNDERLYING PLAINTIFF claims he sustained serious and significant injuries, has been disfigured, is suffering and may in the future suffer great pain and discomfort, has incurred expenses for medical expenses, and will continue to do so, and has lost wages and has a loss of earning capacity. A copy of the Complaint in the Underlying Melo Lawsuit is attached as Exhibit "1" to this Complaint.

## POLICY

14.     CANOPIUS US issued Policy No. ACE-0015458 to BERLIN BUILDERS INC. for the policy period of February 13, 2015 to February 13, 2016. ("CANOPIUS US Policy"). A copy of the CANOPIUS US Policy is attached as Exhibit "2" to this Complaint.

15.     The CANOPIUS US Policy contains the following Independent Contractors Employees, Leased Workers, Temporary Workers, Casual Labor or Volunteers Exclusion:

| *OUS240 (10/07) Exclusion-Independent Contractors Employees, Leased Workers, Temporary Workers, Casual Labor or Volunteers* |
|---|

*\*Entry is optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *\*ATTACHED TO AND FORMING PART OF POLICY NO.:* *ACE-0015458* | *\*EFFECTIVE DATE OF ENDORSEMENT:* *02/13/2015* | *\*ISSUED TO:* **BERLIN BUILDERS INC.** |
|---|---|---|

*This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or medical payments sustained by:*

*(a)     any contractor, self-employed contractor, subcontractor or any employee, leased worker, temporary worker, casual labor or volunteer help of same;*

*(b)     the spouse, parent, brother, sister, other relative, companion or off-spring of any employee, leased worker, temporary worker, casual labor, or volunteer of any one listed in (a) above, as a consequence of his or her employment or activity*

*This exclusion applies to all causes of action including care and loss of services.*

4

> *Where there is no coverage, there is no defence; where there is no coverage or defence for you as an insured, there is no coverage or defence for an additional insured.*

*See* Form OUS240 (10/07) of the attached Exhibit "2" (the CANOPIUS US Policy).

16. The CANOPIUS US Policy contains the following Specified Operations Exclusion - Roofing:

| *OUS309 (03/08) Specified Operations Exclusion – Roofing* |
|---|

*\*Entry is optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *\*ATTACHED TO AND FORMING PART OF POLICY NO.:* **ACE-0015458** | *\*EFFECTIVE DATE OF ENDORSEMENT:* **02/13/2015** | *\*ISSUED TO:* **BERLIN BUILDERS INC.** |
|---|---|---|

*It is agreed no coverage is afforded for any liability or claim that arises out of, is related to, or connected with the following:*

**Roofing Construction, Repair or Maintenance**

*Further, where there is no coverage, there is no defence; where there is no coverage or defence for you as an insured, there is no coverage or defence for an additional insured.*

*See* Form OUS309 (03/08) of the attached Exhibit "2" (the CANOPIUS US Policy).

17. The CANOPIUS US Policy contains the following "Representations" condition:

***COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY***

     *\*\*\**

     ***SECTION V – COMMERCIAL GENERAL LIABILITY CONDITIONS***

     *\*\*\**

*6.     Representations*

     *By accepting this policy, you agree:*

     *a.     The statements in the Declarations are accurate and complete;*

     *b.     Those statements are based upon representations you made to us; and*

     *c.     We have issued this policy in reliance upon your representations.*

5

*See* Form CG 00 01 12 04 (Page 12 of 15) of the attached Exhibit "2" (the CANOPIUS US Policy).

## RELEVANT FACTS

*Underwriting*

18. On or about February 12, 2015, Aelong DosSantos signed an application for commercial insurance on behalf of BERLIN BUILDERS INC.

19. In the application, BERLIN BUILDERS INC. represents that its business location is 141 Rt 130 S Suite 192, Cinnaminson, New Jersey.

20. In response to the question as to whether the applicant does any operations outside of the applicant's home state, BERLIN BUILDERS INC. responded "No".

21. In response to the question as to whether the applicant has any subcontracted work, BERLIN BUILDERS INC. responded "No".

*Denial to Berlin Builders Inc.*

22. On or about May 9, 2018, Counsel for UNDERLYING PLAINTIFF sent the Summons and Complaint in the Melo Lawsuit to CANOPIUS US.

23. On June 11, 2018, Johns Eastern Company, on behalf of CANOPIUS US, sent a letter to BERLIN BUILDERS INC. denying all coverage for the Melo Lawsuit pursuant to several Policy Exclusions, including the Policy's Independent Contractors Employees, Leased Workers, Temporary Workers, Casual Labor or Volunteers Exclusion and the Policy's Specific Operations Exclusion – Roofing. A copy of the June 11, 2018 Denial Letter is attached as Exhibit "3" to this Complaint.

24. The June 11, 2018 letter denies coverage to BERLIN CONSTRUCTION INC. because it is not a named insured on the Policy and because it does not qualify as an insured. *See* Exhibit "3".

25. The June 11, 2018 denial also advises BERLIN BUILDERS INC. that CANOPIUS US was investigating whether BERLIN BUILDERS INC. made material misrepresentations in the application. *See* Exhibit "3".

### COUNT I – DECLARATORY JUDGMENT
### Canopius US Has No Obligation to Provide Coverage
### Pursuant to the Independent Contractors Employees Leased Workers, Temporary Workers, Casual Labor or Volunteers Exclusion

26. Canopius US repeats and re-alleges each and every allegation contained in Paragraphs 1 through 25 as if fully set forth at length herein.

27. The CANOPIUS US Policy contains the Independent Contractors Employees, Leased Workers, Temporary Workers, Casual Labor or Volunteers Exclusion set forth in paragraph 15, *supra*.

28. The Independent Contractors Employees, Leased Workers, Temporary Workers, Casual Labor or Volunteers Exclusion in the CANOPIUS US Policy applies and excludes coverage for bodily injuries to any contractor, self-employed contractor, subcontractor or any employee, leased worker, temporary worker, casual labor or volunteer help of same.

29. In the Underlying Melo Lawsuit, UNDERLYING PLAINTIFF seeks recovery for injuries allegedly sustained while he was employed as a framer by Next Level Construction Inc. *See* Exhibit "1" ¶ 1.

30. Next Level Construction Inc. is a contractor, self-employed contractor or subcontractor.

31. At the time of the alleged accident, the UNDERLYING PLAINTIFF was an employee, leased worker, temporary worker, casual laborer or volunteer for a contractor, self-employed contractor or subcontractor, Next Level Construction, Inc.

32. Therefore, the Independent Contractors Employees, Leased Workers, Temporary Workers, Casual Labor or Volunteers Exclusion applies and excludes coverage under the CANOPIUS US Policy for BERLIN BUILDERS INC. for the entirety of the Underlying Melo Lawsuit.

33. Accordingly, CANOPIUS US is entitled to a declaration under 28 U.S.C. §2201 that it has no obligation to defend or indemnify BERLIN BUILDERS INC. against any claims or causes of action asserted in the Underlying Melo Lawsuit.

WHEREFORE, CANOPIUS US INSURANCE, INC. requests a Declaratory Judgment that:

(1) It has no obligation to provide defense and/or indemnity coverage to BERLIN BUILDERS INC. for the Underlying Melo Lawsuit pursuant to the Policy's Independent Contractors Employees Leased Workers, Temporary Workers, Casual Labor or Volunteers Exclusion.

(2) It has no obligation to provide payment of any judgment that any NOMINAL DEFENDANT may obtain against BERLIN BUILDERS INC. in the Underlying Melo Lawsuit.

(3) The defense counsel retained by CANOPIUS US INSURANCE, INC. to defend BERLIN BUILDERS INC. in the Underlying Melo Lawsuit be permitted to withdraw as counsel.

(4) Such other and further relief as the Court deems just and proper.

## COUNT II - DECLARATORY JUDGMENT

### Canopius US Has No Obligations to Provide Coverage Pursuant to the Specified Operations Exclusion - Roofing

34.     Plaintiff incorporates each and every allegation in paragraphs numbered 1 through 31 of this Complaint.

35.     The CANOPIUS US Policy contains the Specified Operations Exclusion - Roofing referenced in paragraph no. 16, *supra*.

36.     In the Underlying Melo Lawsuit, the UNDERLYING PLAINTIFF seeks recovery for injuries that he allegedly sustained when he was installing plywood panels on the roof at a building located at 211 Orchard Way, Wayne, PA.

37.     The Specified Operations Exclusion - Roofing excludes coverage for any liability arising out of, related to or connected with roofing construction, maintenance or repair.

38.     The installation of plywood panels on the roof of a building constitutes roofing construction, maintenance or repair.

39.     The UNDERLYING PLAINTIFF'S alleged injuries arise out of, are related to or connected with roofing construction, maintenance or repair.

40.     Therefore, the Specified Operations Exclusion – Roofing applies and excludes coverage under the CANOPIUS US Policy for BERLIN BUILDERS INC. for the entirety of the Underlying Melo Lawsuit.

41.     Plaintiff is entitled to a declaration under 28 U.S.C. §2201 that it has no obligation to provide coverage to BERLIN BUILDERS INC. for any injuries or damages in the Underlying Melo Lawsuit because the Specified Operations Exclusion – Roofing applies and excludes coverage for such injuries.

WHEREFORE, CANOPIUS US INSURANCE, INC. requests a Declaratory Judgment that:

(1) It has no obligation to provide defense and/or indemnity coverage to BERLIN BUILDERS INC. for the Underlying Melo Lawsuit pursuant to the Policy's Specified Operations Exclusion – Roofing.

(2) It has no obligation to provide payment of any judgment that any NOMINAL DEFENDANT may obtain against BERLIN BUILDERS INC. in the Underlying Melo Lawsuit.

(3) The defense counsel retained by CANOPIUS US INSURANCE, INC. to defend BERLIN BUILDERS INC. in the Underlying Melo Lawsuit be permitted to withdraw as counsel.

(4) Such other and further relief as the Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT

### Canopius US Has No Obligations to Provide Coverage Due to Berlin Builders Inc.'s Breach of the Policies' Representations Conditions

42. Plaintiff incorporates each and every allegation in paragraphs numbered 1 through 38 of this Complaint.

43. The CANOPIUS US Policy contains the representations condition referenced in paragraph no. 17, *supra*.

44. BERLIN BUILDERS INC. represented in its Application for the CANOPIUS US Policy that its business location is 141 Rt 130 S Suite 192, Cinnaminson, New Jersey.

45. BERLIN BUILDERS INC. further represented that it did not perform any operations outside of its home state.

46. The allegations in the Underlying Melo Lawsuit are that BERLIN BUILDERS INC. performed work on a construction project located at 211 Orchard Way, Wayne, Pennsylvania.

47. BERLIN BUILDERS INC.'s representation that it did not perform any operations outside of its home state was a misrepresentation and false when made.

48. BERLIN BUILDERS INC.'s misrepresentation that it does not perform any operations outside of its home state was material to the underwriting of the CANOPIUS US Policy.

49. BERLIN BUILDERS INC. represented in its Application for the CANOPIUS US Policy that it did not have any subcontracted work.

50. Upon information and belief, BERLIN BUILDERS INC. retained subcontractors.

51. BERLIN BUILDERS INC.'s representation that it did not have any subcontracted work was a misrepresentation and false when made.

52. BERLIN BUILDERS INC.'s misrepresentation that it did not have any subcontracted work was material to the underwriting of the CANOPIUS US Policy.

53. CANOPIUS US relied on BERLIN BUILDERS INC.'s misrepresentations in evaluating the proposed risk presented by BERLIN BUILDERS INC. and making its decision to issue the CANOPIUS US Policy.

54. The CANOPIUS US Policy was obtained through misrepresentations and concealment of material facts.

55. Based on these misrepresentations, CANOPIUS US is entitled to rescind the Policy and is entitled to a declaration that the Policy is void *ab initio*.

56.     Based on these misrepresentations, CANOPIUS US has no obligation to provide coverage to BERLIN BUILDERS INC. for the Underlying Melo Lawsuit or any other claim.

WHEREFORE, CANOPIUS US INSURANCE, INC. requests a Declaratory Judgment that:

(1) It is entitled to rescind the Policy.

(2) It is entitled to a declaration that the Policy is void *ab initio*.

(3) It has no obligation to provide defense and/or indemnity coverage to BERLIN BUILDERS INC. for the Underlying Melo Lawsuit or for any other claim.

(4) It has no obligation to provide payment of any judgment that any NOMINAL DEFENDANT may obtain against BERLIN BUILDERS INC. in the Underlying Melo Lawsuit.

(5) The defense counsel retained by CANOPIUS US INSURANCE, INC. to defend BERLIN BUILDERS INC. in the Underlying Melo Lawsuit be permitted to withdraw as counsel.

(6) Such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       November 8, 2018

Respectfully Submitted,
FLEISCHNER POTASH LLP

By: _____
ALEXANDRA E. RIGNEY, ESQ.
Attorneys For Plaintiff
CANOPIUS US INSURANCE, INC.
303 Old Tarrytown Road
White Plains, New York 10603
(646) 520-4200
arigney@fleischnerpotash.com
Our File No.:  21434