UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CANOPIUS US INSURANCE, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>EVERTON MELO, et al.<br><br>    Defendants. | HONORABLE NOEL L. HILLMAN<br><br>Civil Action No.<br>18-15916 (NLH/JS)<br><br>**MEMORANUDM OPINION** |

**HILLMAN**, District Judge:

  This matter comes before the Court by way of a Motion to Dismiss filed by Plaintiff Canopius US Insurance, Inc. (hereinafter "Canopius"), seeking to dismiss a counterclaim filed against Canopius in this action. (See Canopius' Mot. [Docket Item 11].) Defendant and Counterclaim-Plaintiff Everton Melo (hereinafter, "Melo") opposes the motion. (See Melo's Opp'n [Docket Item 13].) For the reasons discussed below, the Court will grant Canopius' motion without prejudice to Melo's right to refile in the future.

  1. **Factual Background and Procedural History.** On November 8, 2018, Canopius filed the present lawsuit, naming Berlin Builders Inc. as the sole "Defendant" and naming Melo, Berlin Construction Inc., and Cranberry Builders, Inc. as "Nominal Defendants." (See Complaint [Docket Item 1].) The Complaint seeks declaratory judgment that Canopius has no

obligation to provide insurance coverage to Defendant Berlin Builders, Inc. with respect to a lawsuit currently pending in the Pennsylvania Court of Common Pleas, Delaware County, captioned <u>Everton Melo v. Berlin Builders, Inc., Berlin Construction, Inc. and Cranberry Builders, Inc.</u>, Docket Number CV-2017-01006, (hereinafter, "Underlying Melo Suit") due to two separate policy exclusions (Counts I and II) and that Canopius' policy number ACE-0015458 (hereinafter, "the Policy"), issued to Defendant Berlin Builders, Inc., is void as a result of alleged material misrepresentations made by Defendant Berlin Builders, Inc. in its application for the policy (Count III). (<u>See</u> <u>id.</u>)

2. The Underlying Melo Suit was initiated by Melo against Defendant Berlin Builders Inc., Berlin Construction Inc., and Cranberry Builders, Inc. seeking to recover damages for personal injuries allegedly sustained by Melo on December 8, 2015, when Melo alleges he was employed at a construction site managed by the defendants to that suit. (<u>See</u> Underlying Melo Complaint [Docket Item 11-1].) Canopius issued the Policy to Defendant Berlin Builders Inc. and it covered the period of February 13, 2015 to February 13, 2016. (<u>See</u> Policy [Docket Item 11-2].) The Policy included a coverage exclusion pertaining to "bodily injury" sustained by any contractor, employee, leased worker, temporary worker, casual labor or volunteer help. (<u>Id.</u>) The

Policy also included a coverage exclusion for any claim arising out of roofing construction, repair or maintenance. (Id.)

3. On March 8, 2019, Melo filed his Answer as well as a single Counterclaim alleging consumer fraud, under the New Jersey Consumer Fraud Act N.J. Stat. Ann § 56:8-1, et seq., and common law fraud, asserting that Canopius made material misrepresentations regarding the Policy's liability coverage with the intent that Defendant Berlin Builders Inc., the insured, would rely upon the misrepresentations. (See Answer and Counterclaim [Docket Item 8].) Melo further asserted that Defendant Berlin Builders Inc. did in fact rely on Canopius' alleged misrepresentations and that both Melo and Defendant Berlin Builders Inc. have been injured as a result of Canopius' intentional misrepresentations. (See id.) Thereafter, Canopius filed the present motion, seeking to dismiss Melo's Counterclaim. (See Canopius' Br. [Docket Item 11-1].)

4. **Standard of Review.** Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A motion to dismiss may only be granted if a court concludes that the

plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

5. Although the Court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). A plaintiff should plead sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," Twombly, 550 U.S. at 556, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

6. **Discussion.** Canopius moves to dismiss Melo's Counterclaim for lack of standing and for failure to state a claim under the heightened pleading standards of Federal Rule of Civil Procedure 9(b). (See Canopius' Br. [Docket Item 11-1].) Melo asserts that he has standing as a third-party beneficiary to the Policy and that the Counterclaim is sufficient to state a claim under the requirements of Rule 9(b). (See Melo's Opp'n [Docket Item 13].)

7. Melo's standing to assert his Counterclaim. Canopius first argues that Melo does not have standing to prosecute his Counterclaim against Canopius, because Melo is not a party to

4

the Policy and New Jersey law has long held that a plaintiff in a tort action may not directly sue an insurer of the alleged tortfeasor until such time as judgment is entered against the tortfeasor-insured. (See Canopius' Br. [Docket Item 11-1], 3-5.) Melo responds that he has standing as a third-party beneficiary to the Policy, because Melo asserts that non-party Next Level Construction, the general contractor for the construction site in question, expected that Defendant Berlin Builders Inc. would have an insurance policy that would cover liability for construction accidents. (See Melo's Opp'n [Docket Item 13], 3.) Furthermore, Melo asserts that the co-owner of non-party Next Level Construction was provided with a certificate of liability insurance indicating that the Policy, between Canopius and Defendant Berlin Builders Inc., covered up to $1,000,000 in "commercial general liability." (Id. at 3-4.) Melo then further asserts, without further support, that he was the intended beneficiary of this policy. (See id.)

8.  The Court first notes that none of Melo's arguments, described supra, pertain to the actual contents of his Counterclaim, but rather assert that certain facts and allegations outside of his pleading conclusively establish that his Counterclaim should be permitted to withstand the present motion to dismiss for failure to state a claim. (See generally id.) This is simply not sufficient. A pleading asserting an

5

affirmative cause of action must, on its own, allege sufficient facts that, if true, would establish the claimant's standing to bring such an action. (See, e.g., Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [the elements of standing]. . . . Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.") (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990); Warth v. Seldin, 422 U.S. 490, 508, 527, and n.6 (1975); Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 883–889 (1990); Gladstone, Realtors v. Vill. of Bellwood, 441 U.S. 91, 114–115, and n.31, (1979); Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 45, and n.25). In this case, the four-corners of the Counterclaim itself do not contain any allegations regarding Melo's status as an intended third-party beneficiary of the Policy, nor does it establish any other theory with which Melo could challenge Canopius' issuance or interpretation of the Policy. (See Counterclaim [Docket Item 8], 7-8.) As such, the Counterclaim does not contain allegations sufficient to establish that Melo has standing to challenge Canopius' behavior in issuing or interpreting the Policy.

9.  Additionally, Melo does not provide any legal authority for the assertion that the expectations of non-party Next Level Construction, which was not a party to the Policy, can somehow confer third-party beneficiary status on Melo. (See Melo's Opp'n [Docket Item 13], 3-4.)  The Court further notes that the case relied upon by Melo to assert his status as a third-party beneficiary to the Policy, Ross v. Lowitz, 120 A.3d 178 (N.J. 2015), clearly states that "[i]f there is no intent" on the part of the contracting parties "to recognize [a] third party's right to contract performance, 'then the third person is only an incidental beneficiary, having no contractual standing.'" 120 A.3d at 190 (quoting Broadway Maint. Corp. v. Rutgers, State Univ., 447 A.2d 906, 909 (N.J. 1982)).  Not only has Melo failed to allege such in the text of his Counterclaim, but he has failed to establish in the briefing pertaining to the present motion that it was the intent of Canopius and Defendant Berlin Builders Inc. that Melo be recognized as having an individual right to contract performance under the Policy. Therefore, Canopius' motion [Docket Item 11] must be granted and the Counterclaim must be dismissed, without prejudice to Melo's right to refile such a Counterclaim in the event that a judgment is entered in his favor against Defendant Berlin Builders Inc. or in the event that Melo can in good faith allege that it was the intent of Canopius and Defendant Berlin Builders Inc. that

Melo be recognized as having an individual right to contract performance under the Policy.

10. <u>Sufficiency of Melo's Counterclaim in light of the requirements of Rule 9(b)</u>.  As the Court will dismiss Melo's Counterclaim for a lack of standing, the Court need not and will not address the sufficiency of the allegations contained in Melo's now-dismissed Counterclaim under Rule 9(b) at this time.

11. **Conclusion.**  For the reasons set forth above, Canopius' Motion to Dismiss [Docket Item 11] will be granted without prejudice to Melo's right to refile his Counterclaim in the future, in the event that a judgment is entered in his favor against Defendant Berlin Builders Inc. or in the event that Melo can in good faith allege sufficient facts to support a plausible claim that it was the intent of Canopius and Defendant Berlin Builders Inc. that Melo be recognized as having an individual right to contract performance under the Policy.  The accompanying Order shall be entered.

**October 31, 2019**             **s/ Noel L. Hillman**
Date                             NOEL L. HILLMAN
                                 U.S. District Judge

At Camden, New Jersey